# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TYRONE DENNY IYC 16-04-0006, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-02921-LJM-TAB |
| | ) | |
| STAN KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Denying Petition for Writ of Habeas Corpus

The petition of Tyrone Denny for a writ of habeas corpus challenges a prison disciplinary proceeding in IYC 16-04-0006. For the reasons explained in this entry, Mr. Denny's habeas petition must be **denied**.

## A. Overview

Prisoners in Indiana custody may not be deprived of credit time without due process. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). A violation of state law will not support the issuance of a writ of habeas corpus. *Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir. 1997).

## B. The Disciplinary Proceeding

On March 25, 2016, Investigator P. Prulheire wrote a Report of Conduct charging Mr. Denny with unauthorized possession of personal information. The conduct report states:

> Use of a Global Tel Link phone pin number or a J-pay password by another offender who is not the owner of the pin number or password, is considered unauthorized possession or use of property of value belonging to another offender. Any offender who provides their personal Global Tel Link phone pin number to another offender, or allows another offender to use those assets under his user credentials, is in violation and is considered to be aiding in unauthorized possession of property of value belonging to another offender. Failure by the owner to protect the security of their credentials is not a defense in conduct violations. The below information shows a detected violation of these standards and lists the system affected, the area, date and time of the detection as well as the asset owner and unauthorized user information.
>
> System used in violation: Global Tel Link
> Date of offense: March 4, 2016
> Date of Discovery: March 25, 2016
> Time of Offense: approx. 4:39 pm
> Name and DOC of Offender who used unauthorized PIN or Password:
> Tyrone Denny 160500
> Account Name/Account Number or Phone Number: 718-300-0240 Area of Offense: K2 Rec Room, phone IHUK-2
> Owning Offender Name and DOC: Richard Evans 247909

The conduct report also noted that "[v]erification of the identity of the violators for this charge is provided in the evidence listed below: Photo of Offender using phone at the noted time on the recorded phone call (confidential)." This conduct report was written as a result of a confidential internal affairs ("IA") investigation.

On April 6, 2016, Mr. Denny was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and did not request any witnesses. Mr. Denny also requested the IA case file, which was reviewed by the disciplinary hearing officer.

The hearing officer conducted a disciplinary hearing on April 8, 2016, and found Mr. Denny guilty of possession or solicitation of personal information. In making this determination, the hearing officer considered the staff reports, the offender's statement, and the IA case file. Mr. Denny provided the following statement: "I checked on Berry's stuff. He asked me to. But these other two write-ups are bogus. The only reason he wrote me up, is because three of us share the same number." [dkt. 12-5].

Based on the hearing officer's recommendations the following sanctions were imposed: a 30-day loss of commissary, telephone, and J-pay privileges, 90 days disciplinary segregation, and an earned credit time deprivation of 90 days. The hearing officer recommended the sanctions because of the seriousness of the offense, the frequency and nature of the offense, and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Mr. Denny appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

## C. Analysis

Mr. Denny asserts the following claims: 1) he was not present at the hearing; 2) the hearing officer was not impartial; 3) he was not given the right to a lay advocate; and, 4) he was not given the opportunity to present documentary evidence.

In ground one of the petition, Mr. Denny alleges he was not given a hearing on this action, but instead appeared at a hearing in Case No. IYC 16-04-0007, and the guilty finding from Case No. IYC 16-04-0007 was duplicated into this action. However, the evidence shows that Mr. Denny was present at the hearing in this action (IYC 16-04-0006). He made a statement at the disciplinary

hearing. [dkt. 12-5]. Moreover, in his appeal to the facility head, Mr. Denny said the following

occurred at the disciplinary hearing in IYC 16-04-0006:

ON April 8, 2016 while Appearing to my DHB hearing which was held by DHO Pether, the DHO asked me how do I plea. I replied, "to which case" And he respond, "All of them, I have All three (3) of them and we going to knock them All out in one (1) shot", I then told him "Not guilty". During this discussion upon (SEE Attached 1-8 + Exhibits A-F)

Signature of offender: *Tyrone Denny*

Date: 04-18-16

[dkt. 12-4].

Mr. Denny appears to be arguing that it was improper for the hearing officer to hold a

single hearing for multiple charges. However, it was not an error for the hearing officer to resolve

multiple disciplinary violations in a single hearing. Disciplinary hearings are informal and "*Wolff*

gives prison officials flexibility to keep the hearing within reasonable limits . . . ." *Garcia v. Dexter*,

2009 WL 178755 *6 (C.D.Cal.2009) (citing *Wolff*, 418 U.S. at 566).

In ground two of the petition, Mr. Denny alleges the hearing officer was not impartial. A

prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*,

472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the

prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820

(7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). Mr.

Denny does not articulate the basis for his claim that the hearing officer was not impartial. Simply

alleging the hearing officer was biased is insufficient. *Higgason v. Hanks*, 134 F.3d 375 (7th Cir.

1998). There is no evidence in the record that the hearing officer was involved in the underlying

investigation, or that the hearing officer had any other disqualifying qualities. Mr. Denny has failed

to show that his due process rights were violated with the presence of an impartial hearing officer.

In ground three of the petition, Mr. Denny argues that he was not given the right to a lay

advocate. It is not clear from the record whether a lay advocate was assigned to Mr. Denny. The

record shows that he requested one, but that is all the record reflects. [dkts. 12-2, 12-3]. In any event, due process does not require that prisons appoint a lay advocate for a disciplinary hearing unless "an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff*, 418 U.S. at 570. Mr. Denny does not contend that either exception applied to him. Because due process does not require a lay advocate, Mr. Denny has failed to show his rights were violated.

In ground four of the petition, Mr. Denny alleges he was denied the right to present documentary evidence. A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Id.* at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The record shows, however, that Mr. Denny did not call any witnesses and only requested the IA file as evidence, which the hearing officer relied on at the disciplinary hearing. The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011); *Piggie*, 342 F.3d at 666. Because Mr. Denny has not shown or alleged that the evidence he was allegedly denied would have been exculpatory, he has failed to show that his due process right to present evidence was violated.

Finally, Mr. Denny alleges that this action is a duplicate of IYC 16-04-0007 and IYC 16-04-0008 and the Adult Policy and Procedures Act requires that duplicate charges be dismissed. The claim that prison authorities failed to follow various policies before and during the challenged disciplinary proceeding are summarily dismissed as insufficient to support the relief sought by the petitioner. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed. Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

## D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Denny to the relief he seeks. Accordingly, Mr. Denny's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 1/25/2017

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TYRONE DENNY
160500
WABASH VALLEY CORRECTIONAL FACILITY
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronically registered counsel